(40 Misc. Rep. 269.)

GMAEHLE v. ROSENBERG et al.

(Supreme Court, Special Term, New York County. March, 1903.)

1. EMPLOYERS' LIABILITY ACT—DEFECTIVE SCAFFOLDING.
    Laws 1902, p. 1748, c. 600, extending the liability of employers to make compensation for personal injuries suffered by employés, did not take away rights existing under Laws 1897, p. 461, c. 415, § 18, providing that a person employing another in the erection of a building, furnishing unsafe or unsuitable scaffolding, shall be liable therefor, nor take away similar rights existing at common law.

2. SAME—COMPLAINT.
    A complaint against an employer for so erecting a scaffold that a plank gave way, causing the death of a bricklayer, is not demurrable for failing to allege that notice had been given his employer as required by the employers' liability law (Laws 1902, p. 1748, c. 600, § 2), as the action could have been brought under the labor law (Laws 1897, p. 461, c.'415, § 180), which does not require such notice.

Action by Charles Gmaehle against Morris Rosenberg and Barnet Aaronson. Demurrer to complaint overruled.

See 80 N. Y. Supp. 705.

Hillquit & Hillquit, for plaintiff.
David Steckler, for demurrer.

BLANCHARD, J. The complaint sets forth that the plaintiff's intestate, while in the defendants' employ as a bricklayer in the erection of a certain new building, was killed without fault on his part, and through the defendants' negligence in the erection of a scaffold where plaintiff's intestate was at work; it being charged therein that the scaffold was erected in a negligent, improper, and unsafe manner, resulting in a plank giving way and falling out, throwing the plaintiff's intestate to the ground and causing his death. The defendants have demurred upon the ground that facts sufficient to

constitute a cause of action are not stated. The defendants' theory of the action is that it is one brought pursuant to chapter 600 of the Laws of 1902, p. 1748, entitled "An act to extend and regulate the liability of employers to make compensation for personal injuries suffered by employees," and that the complaint is fatally defective, in not alleging that notice of the accident had been given to the employer, as section 2 of that act requires. The plaintiff, however, denies that his action is brought under the act of 1902, but claims it is brought under and by virtue of section 18 of the labor law (Laws 1897, p. 461, c. 415). This section of the labor law provides:

"A person employing or directing another to perform labor of any kind in the erection, * * * of a house, building or structure shall not furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding * * * which" is "unsafe, unsuitable or improper, and which" is "not so constructed * * * as to give proper protection to the life and limb of a person so employed or engaged."

There can be no doubt but that a cause of action is stated which would have been sufficient prior to the enactment of chapter 600 of the Laws of 1902, and the defendants do not question this, but contend that the law applicable to such actions as are provided for by the Laws of 1902 is entirely comprehended in that law, and that no action can be brought in compliance with that statute, even though the right existed prior thereto. This would give to the law of 1902 a construction which would, in effect, repeal not only section 18 of the labor law, but would take away causes of action existing at common law. The act of 1902 expressly states, however (section 5):

"Every existing right of action for negligence or to recover damages for injuries resulting in death is continued, and nothing in this act contained shall be construed as limiting any such right of action; nor shall the failure to give the notice provided for in section two of this act be a bar to the maintenance of a suit upon any such existing right of action."

The defendants argue that "existing right of action," as there used, means an accrued cause of action. I fail to find any justification for such a construction. In my judgment, the effect of the act of 1902 was merely to extend the liability of the employer. It was not intended to take away rights of action then existing, whether the causes of action had accrued or not. The demurrer must be overruled, with leave to answer upon payment of costs.

Demurrer overruled, with leave to answer upon payment of costs.